IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIAN BROWN, #B88307, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00944-JPG |
| | ) |
| DR. DAVID and | ) |
| WEXFORD HEATH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Dorian Brown, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center ("Hill"),[1] brings this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Shawnee Correctional Center ("Shawnee"). (Doc. 1). Plaintiff claims he was denied adequate medical treatment for leg and knee injuries he sustained while working on a trailer at Shawnee on February 3, 2017. (*Id*. at pp. 3-5). He seeks money damages and injunctive relief against Dr. David and Wexford Health Sources, Inc. ("Wexford"). (*Id*. at pp. 6-7). Following denial of his request for leave to proceed *in forma pauperis*, Plaintiff paid his full filing fee for this action on November 25, 2019.

The Complaint is now ripe for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Although Plaintiff listed his address as Shawnee (Doc. 1, p. 2), he is housed at Hill and filed the Complaint from that facility. His address in CM/ECF reflects his current placement at Hill. Plaintiff is reminded of his obligation to update his address within seven days of any change.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 3-5): While working at Shawnee on February 3, 2017, Plaintiff fell through the bed of a trailer and injured both knees and legs. (*Id*. at p. 3). He immediately sought treatment in the prison's health care unit (HCU). (*Id*.). Because he suffered from intense pain, swelling, and immobility, a nurse[2] and doctor (Dr. David) held him for overnight observation in the HCU. (*Id*. at p. 4). Dr. David ordered ibuprofen for pain and x-rays for diagnosis of his injuries. (*Id*.). Although the x-rays were negative for fractures, Plaintiff continued to report excruciating pain that was unabated by ibuprofen. (*Id*.).

From February 3, 2017 until July 27, 2017, Plaintiff repeatedly met with Dr. David and other medical staff to discuss his consistent and increasing pain. (*Id*.). He reported difficulty standing, walking, and sitting. (*Id*.). When Plaintiff specifically asked Dr. David for an MRI, the doctor refused his request. (*Id*.). When Plaintiff asked him about Wexford's policy regarding the medical review and referral process, Dr. David ignored his inquiry. (*Id*.).

Dr. David instead referred Plaintiff for physical therapy. (*Id*.). Although he followed the physical therapist's recommendations, Plaintiff continued to report significant pain. (*Id*. at p. 5). When physical therapy ultimately proved ineffective, Plaintiff asked the physical therapist for his medical opinion. (*Id*.). The physical therapist explained that neither he, nor anyone else, could give Plaintiff an informed opinion without an MRI. (*Id*.). He explained that an x-ray could not detect injuries to his tendons or ligaments. (*Id*.). Dr. David nevertheless ordered two more sets of x-rays and reported the same negative results to Plaintiff. (*Id*.).

---

[2] The nurse is not named as a defendant, and Plaintiff brings no claims against him or her in the Complaint.

Plaintiff continues to live in pain. (*Id*.). Ibuprofen does nothing to stop it. (*Id*.). He seeks money damages and injunctive relief against Dr. David and Wexford, including an MRI and treatment. (*Id*. at pp. 6-8).

**Discussion**

Based on the allegations, the Court finds it convenient to designate the following claims in the *pro se* Complaint:

**Count 1:** Dr. David exhibited deliberate indifference to Plaintiff's knee and leg injuries in violation of the Eighth Amendment when he refused to adequately treat the injuries.

**Count 2:** Wexford has an unconstitutional policy, custom, or practice of failing to train and/or supervise prison doctors on proper treatment of inmates.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

Count 1 survives screening against Dr. David. The allegations suggest that the doctor responded to Plaintiff's complaints by persisting with treatment he knew was ineffective, in violation of the Eighth Amendment. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (persisting in a course of treatment known to be ineffective supports an Eighth Amendment deliberate indifference claim).

Count 2 does not survive screening against Wexford, the private medical corporation responsible for providing Shawnee inmates with medical care. In order to maintain a claim against a private corporation in this context, a plaintiff must establish that a policy, custom, or practice attributable to the corporation actually caused a violation of the plaintiff's constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc.*

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Servs.*, 436 U.S. 658 (1978)). Plaintiff asked Dr. David about Wexford's policy for handling medical review and referrals of cases like his, and his request was met with silence. (Doc. 1, p. 4) (stating that Plaintiff's inquiry into Wexford's policy was "completely ignored"). Plaintiff's claim against Wexford arises from its alleged failure to train or supervise medical staff. (*Id*. at p. 8) (asserting claim for Wexford's failure to "properly train, supervise, or oversee Dr. David and his medical decisions). However, the claim is based on Plaintiff's bald assertion and pure speculation to this effect. Absent any allegations that support this claim, Count 2 shall be dismissed without prejudice against Wexford.

### **Pending Motions**

**A.    Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court considers when presented with a request for counsel by an indigent civil litigant). The motion consists of a single page—the first page of this Court's standard Motion for Recruitment of Counsel. (Doc. 3, p. 1). There, Plaintiff describes some efforts to locate counsel. However, he provides no supporting documentation or any other information about his ability to represent himself in this matter. Further, he appears competent and capable of doing so, given his coherent Complaint, his demonstrated ability to articulate his claims, and his filings submitted to date. The Court declines to recruit counsel at this time. Plaintiff may renew his request, if necessary, as the case proceeds.

**B.    Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process is **DISMISSED** as **UNNECESSARY**. The Court orders service of prisoner civil rights actions filed by indigent inmates as a matter of course on any defendant who remains in the action following Section 1915A review.

C.   **Request for Preliminary Injunction (Doc. 1, p. 8)**

Plaintiff seeks a referral for further evaluation and treatment of his leg and knee injuries. The Court construes this request as a Motion for Preliminary Injunction brought pursuant to Federal Rule of Civil Procedure 65(a). The request is **DENIED without prejudice**.

Plaintiff is no longer housed at Shawnee, so his related request for injunctive relief against Shawnee officials is moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Shawnee under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Plaintiff is free to renew his request for a preliminary injunction by filing a motion, if he anticipates returning to Shawnee and facing the same conditions. Otherwise, he should direct his request for further evaluation and treatment to officials at Hill.

**Disposition**

**IT IS ORDERED** that the Complaint survives preliminary review, as follows: **COUNT 1** will proceed against Defendant **DR. DAVID**, and **COUNT 2** is **DISMISSED** without prejudice against Defendant **WEXFORD HEALTH SOURCES, INC.** for failure to state a claim for relief. The Clerk of Court is **DIRECTED** to **TERMINATE** Wexford Health Sources, Inc. as a Defendant in CM/ECF.

**Because this claim arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/16/2020**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.